UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY S. CONN, *Administratrix* | : | **CIVIL NO. 1:05-CV-1002** |
| *of the Estate of Tony L.* | : | |
| *Armentrout, Jr.,* | : | (Judge Conner) |
| AMY S. CONN, *in her own right,* | : | |
| and STEVEN MAYO, | : | (Magistrate Judge Smyser) |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| MILLIE M. BULL, | : | |
| ANNIE S. GLADFELTER, | : | |
| TERI HOLLOWAY, | : | |
| JAMES REBERT, | : | |
| YORK COUNTY CHILDREN AND | : | |
| YOUTH SERVICES, and | : | |
| COUNTY OF YORK, | : | |
| | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses two motions to dismiss a civil action complaint. The plaintiffs are Amy S. Conn and Steven Mayo, the parents of decedent Tony Armentrout, Jr., and Amy S. Conn in her capacity as the administratrix of the estate of decedent Tony L. Armentrout, Jr.

The defendants are Millie M. Bull, who lives in Shrewsbury, York County; Annie S. Gladfelter, who is an employee of York County Children and Youth Services; Teri Halloway, an employee of York County Children and Youth

Services; James Rebert, the Director of York County Children
and Youth Services; York County Children and Youth Services, an
agency of the York County government; and York County.  The
claims arise from the death by drowning of a two-year child who
was in foster care.

The complaint in this case relates that the plaintiff's
decedent, Tony L. Armentrout, Jr. (Tony) was in the legal and
physical custody of the defendants on July 14, 2004 when Tony
drowned in a pool.  Tony was living in the home of a foster
parent, defendant Bull.  Defendant Bull was approved and
supervised as a foster parent by defendant York County Children
and Youth Services (YCCYS).

The complaint states that Defendant Gladfelter was the
child caseworker employed by YCCYS assigned to supervise
defendant Bull and the foster child in her care.  The complaint
states that defendant Halloway was the case supervisor.
Defendants Gladfelter and Halloway are sued in their individual
and official capacities.

The complaint states that defendant Bull's home is at
101 Skyview Drive, Shrewsbury, Pennsylvania.  It is asserted
that she had the responsibility to ensure that the premises was
a safe foster care residence.

The complaint states that on or about June 10, 2004,
Tony was taken by YCCYS pursuant to an emergency placement

petition and was placed in the legal custody of YCCYS.   YCCYS
then placed Tony in the physical custody of defendant Bull.  It
states that Tony was in the legal custody of YCCYS and in the
physical custody of defendant Bull pursuant to orders of the
Court of Common Pleas of York County.  It states that defendant
Gladfelter placed Tony in the foster care of Defendant Bull.
The complaint states that on or about July 14, 2004 at
approximately 12:00 noon, Tony, who was two years old, was left
unsupervised, was able to exit the foster home and entered a
pool in the back yard where he drowned.

        The complaint alleges that defendant Bull was
physically, emotionally and/or psychologically incapable of
caring for Tony and that defendant Gladfelter failed to insure
that defendant Bull was able to care for the children placed in
her care, failed to require a current medical evaluation of
defendant Bull, failed to insure that defendant Bull's
residence was a safe environment and failed to obtain a
re-evaluation of the home's safety.

        The complaint alleges that defendant Halloway failed to
properly train and supervise defendant Gladfelter to insure
that foster parents, and particularly defendant Bull, were
physically capable of caring for children, and that defendant
Rebert failed to properly train and supervise defendants
Gladfelter and Halloway to insure that foster parents, and
particularly defendant Bull, were physically capable for caring
for children.

-3-

The complaint alleges that defendant Halloway failed to properly train and supervise defendant Gladfelter to insure the safety of foster homes, and particularly that of defendant Bull, and that defendant Rebert failed to properly train and supervise defendants Gladfelter and Halloway to insure the safety of foster homes, and particularly that of defendant Bull.

The complaint alleges that defendant Gladfelter failed to promulgate a family service plan and refused to permit visitation of plaintiff Conn with her son.

The complaint alleges that defendant Halloway failed to properly train and supervise defendant Gladfelter and failed to assure that defendant Gladfelter promulgated a family service plan and that defendant Gladfelter permitted parental visitation.

The complaint alleges that defendant Rebert failed to properly train and supervise defendants Gladfelter and Halloway.  It alleges that defendants YCCYS and the County of York failed as a matter of official policy, pattern, custom and practice to assure that Tony be placed with a foster parent who was physically capable of safely supervising him, to assure that Tony be placed in a home that was safe for him, to require its employees to promulgate a family service plan, and to assure parental visitation.

In Count I of the complaint, a survival action is brought against all defendants by Tony's estate, stating a 42 U.S.C. § 1983 cause of action and claiming a violation of the due process rights of the decedent.

In Count II, a wrongful death action is brought against all defendants by Tony's natural parents stating a 42 U.S.C. § 1983 violation.  The plaintiff's claim that they had a constitutionally protected interest in their relationship with their son, a right to visit him and to raise him, and that the defendants destroyed their opportunity to visit with and to raise their son.

In Count III, a survival action is brought by the estate against defendant Bull under state negligence law.

In Count IV a wrongful death action is brought by the natural parents under state negligence law against defendant Bull.

Defendants Gladfelter, Holloway, Rebert, County of York and YCCYS filed a motion to dismiss the complaint on July 11, 2005.  Doc. 6.  A brief in support was filed on July 21, 2005.  Doc. 8.  A brief in opposition was filed on August 2, 2005.  Doc. 12.  A reply brief was filed on August 16, 2005.  Doc. 14.

Defendant Bull filed a motion to dismiss the complaint
on July 22, 2005.  Doc. 10.  A brief in support was filed on
August 5, 2005.  Doc. 13.  A brief in opposition was filed on
August 24, 2005.  Doc. 15.  A reply brief was filed on
September 8, 2005.  Doc. 18.  An amended reply brief was filed
without leave of court on September 12, 2005.  Doc. 20.

Defendant Bull relies upon *Leshko v. Servis*, 2005 U.S.
App. LEXIS 19481, ___ F.3d. ___ (3d Cir. 2005), for her
position that the complaint fails to state a claim upon which
relief can be granted against her.  The Court in *Leshko* held
that Pennsylvania foster parents are not state actors for
purposes of 42 U.S.C. § 1983.  This court should grant
defendant Bull's motion to dismiss the 42 U.S.C. § 1983
complaint as to her for failure to state a claim upon which
relief can be granted by application of *Leshko*.

Defendant Bull asks the court to dismiss Counts III and
IV, invoking statutory immunity under state law for
Commonwealth employees under the Political Subdivision Tort
Claims Act, 42 Pa. C.S. § 8541, *et seq.*  The Act states that an
employee of a local agency is liable only to the same extent as
the employing agency.  42 Pa. C.S. § 8545.  The defendant
relies upon the statutory provision, as well as the provisions
of 42 Pa. C.S. § 8542, she asserts that she is to be considered
a government employee for purposes of state law even though she
is not considered to have been "acting under color of law" for
purposes of 42 U.S.C. § 1983.  She cites *Patterson v. Lycoming*

-6-

*County*, 815 A.2d 659 (Pa. Commw. 2002).  We agree that under
Pennsylvania law she is to be considered a governmental
employee for some purposes.  In *Patterson*, the Court was
applying the indemnification provisions of 42 Pa. C.S. § 8541.
As noted in *Jacobs v. Impact Project, Inc.*, 2005 U.S. Dist.
LEXIS 11938 (E.D. Pa. June 16, 2005), the fact that the Act
provides for indemnification does not mean that it provides for
immunity.  However, immunity is the subject matter of 42 Pa.
C.S. § 8545.  We recommend the dismissal of the complaint as to
York County and YCCYS, below.  We do not see a basis for
finding a statement of a claim upon which relief can be granted
as to defendant Bull, therefore.

It will be recommended that Counts III and IV be
dismissed.

Defendants Gladfelter, Holloway and Rebert argue that
the plaintiffs' complaint does not state a 42 U.S.C. § 1983
claim upon which relief can be granted as to these defendants
because the complaint does not allege conduct on the part of
these actors that is of a sufficiently wrongful, ill-conceived,
malicious, egregious, shocking or indifferent character as to
constitute a substantive due process violation.

The plaintiffs respond to these defendants' argument by
asserting that the state was in a special relationship to Tony,
restraining his freedom in a manner akin to institutionaliza-
tion, and by asserting that the state created the danger to

Tony that resulted in his death by creating the opportunity for a dangerous element to cause harm to the decedent.

The allegations in the complaint construed in the light most favorable to the plaintiffs are that defendants Gladfelter, Holloway and Rebert could have through better training and supervision assured that a foster child would not have been unattended in the vicinity of a swimming pool so as to drown in the pool.

In *Nicini v. Morris*, 212 F.3d 798 (3d Cir. 2000), the Court in a case materially not distinguishable from this case held the applicable standard of proof for the plaintiff to meet to be that the defendant state actors had been deliberately indifferent to the foster child's welfare.  "Mere negligence is never sufficient for substantive due process liability, and such liability attaches only to executive action that is so ill-conceived or malicious that it shocks the conscience.  212 F.3d at 809-810.  The Court in *Nicini*, we note, affirmed a grant of summary judgment in the defendants' favor.  The question presented by the present motion is not whether the plaintiff's evidence may reasonably support an inference of deliberate indifference on the defendants' part to the decedent's safety, but rather whether the complaint considered in the light most favorable to the plaintiff states an actionable claim of deliberate indifference.  In *Nicini*, the Court considered the plaintiff's evidence; here, we consider only the plaintiff's claims.

-8-

The complaint alleges that Tony was a two year old boy who was left unsupervised and was able to exit the foster home and to enter a pool in the back yard where he drowned.  Those bare facts might describe a range of circumstances ranging from no lack of due care to extreme deliberate indifference.  We can not say on the face of the complaint that extreme deliberate indifference is not consistent with the pleaded facts.  The plaintiffs are not required to specifically plead the facts demonstrating deliberate indifference.  Rule 8 of the Federal Rules of Civil Procedure requires a short and plain statement of the claim showing that the pleader is entitled to relief. The defendants characterize the complaint as alleging only that the defendants violated Tony's rights because they failed to prevent him from drowning while he was in Bull's care. However, the complaint alleges that the defendants failed to ascertain Bull's fitness as a foster parent and to ascertain the safety of the foster home and that they had a reckless or intentional disregard for the child's safety.

Defendants Gladfelter, Holloway and Rebert argue that the plaintiff fails to allege conduct that shocks the conscience and that the plaintiff's allegations are garden variety negligence claims.  They also contend that claims of inaction do not equate or arise to claims of deliberate indifference.  However, we note that the phrase "deliberate indifference" itself is descriptive of a passive lack of conduct where conduct is warranted.  In any event, we do not agree with the defendants' contention that inaction or non-

feasance is necessarily associated only with negligence, not with deliberate indifference.

The defendants argue that the complaint describes no association between an alleged failure to train or to supervise and the injury to Tony.  In support of this argument the defendants make factual assertions: "failure to supervise Bull did not cause [Tony] Armentrout to drown; failure to promulgate a Family Service Plan did not cause [Tony] Armentrout to drown; failure to inspect Bull's home did not cause [Tony] Armentrout to drown."  Doc. 8, pp. 10-11.  However, the court is not presented with a basis or a proper procedural occasion to ascertain the factual merit of these factual assertions.  The defendants assert that a drowning is "too remote a consequence of any alleged action or inaction by the defendants."  However, when it comes to the supervision of a two year old in the vicinity of a swimming pool, and the provision of training that would encourage safety oriented supervision, one has no difficulty in seeing the potential causal relationship between training and safety.

Defendants Gladfelter, Holloway and Rebert argue that the claims against them should be dismissed under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, 8564.

The state law immunity provision does not bar suits against state actors on grounds that they violated the

federally protected rights of a person while acting under color of state law.  *Howlett v. Rose*, 496 U.S. 356 (1990).

Facts consistent with the allegations in the complaint could be proven that would establish the plaintiffs' eligibility for relief.  Therefore the complaint should not be dismissed as to defendants Gladfelter, Holloway and Rebert for failure to state a 42 U.S.C. § 1983 claim upon which relief can be granted.  *Hison v. King & Spalding*, 467 U.S. 69, 73 (1984).

Defendants York County Children and Youth Services and York County argue that the complaint should be dismissed as to them pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  These defendants assert that no inference of any government policy or custom is available to be drawn from the complaint.

The complaint alleges that York County and York County Children and Youth Services failed to ensure the decedent's constitutional right to be placed with a foster parent physically capable of safely supervising him.  This allegation against these municipal defendants is not an allegation stating the existence of a government policy or custom or of the execution of such a policy or custom.  This putative cause of action based upon a duty "to ensure" does not find authorization in *Monell*.  It will be recommended that the *Monell* claims against defendants York County and York County Children and Youth Services be dismissed.

-11-

For the foregoing reasons, it is recommended that the complaint be dismissed as to Counts III and IV and as to the plaintiffs' claims against defendant Bull.   It is recommended that the complaint be dismissed as to defendants York County and York County Children and Youth Services.   It is recommended that the motions to dismiss the complaint otherwise be denied.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   September 29, 2005.