# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMY S. CONN and STEVEN MAYO**, | : | **CIVIL ACTION NO. 1:05-1002** |
| | : | |
| **Plaintiffs** | : | (Judge Conner) |
| v. | : | |
| | : | |
| **MILLIE M. BULL, et al.**, | : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 13th day of January, 2006, upon consideration of the report (Doc. 21) of the magistrate judge, to which no objections were filed, recommending the dismissal of claims of negligent survival and wrongful death and those brought pursuant to 42 U.S.C. § 1983 as against defendants York County, York County Children and Youth Services ("YCCYS"), and Millie M. Bull ("Bull"), and following an independent review of the record, it appearing that the complaint does not set forth facts sufficient to state claims against York County or YCCYS, see Monell v. Dep't of Soc. Serv. of City of New York, 436 U.S. 658, 694 (1978) ("[A] local government may . . . [only] be sued under § 1983 . . . . when execution of a government's policy or custom . . . inflicts the injury [at issue]."); McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005) ("[A] municipality will [only] be liable if its employee acted pursuant to a formal government policy . . . . [or] an official with authority has ratified the unconstitutional actions of a subordinate . . . ."), that under Pennsylvania law Bull is considered an employee of YCCYS, see 42 PA. CON. STAT. § 8501 (stating that "any person who is acting or who has acted on behalf of a

government unit" is deemed an employee of that unit); see also Leshko v. Servis, 423 F.3d 337, 342 (3d Cir. 2005) ("[F]oster parents are employees of the county [c]hildren and [y]outh [s]ervices agency that designates them foster parents."); Patterson v. Lycoming County, 815 A.2d 659, 661 (Pa. Commw. Ct. 2002) (holding that temporary foster parents are county employees under § 8501), and therefore only liable on state claims to the extent that YCCYS and York County are liable, see 42 PA. CON. STAT. § 8545 ("An employee of a local agency is liable . . . only to the same extent as his employing local agency . . . ."), and it further appearing that Bull is not a state actor for purposes of 42 U.S.C. § 1983 liability, see Leshko v. Servis, 423 F.3d 337, 347 (3d Cir. 2005) ("[F]oster parents in Pennsylvania are not state actors for purposes of liability under § 1983."); see also 42 U.S.C. § 1983 (requiring that a defendant "act under color" of law), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 21) is ADOPTED.

2. Counts III and IV of the complaint (Doc. 1) and all claims against defendants York County, York County Children and Youth Services, and Millie M. Bull are DISMISSED.

3. This case is REMANDED to the magistrate judge for further proceedings.

 S/ Christopher C./ Conner
CHRISTOPHER C. CONNER
United States District Judge