```
             UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| AMY S. CONN, *Administratrix of the Estate of Tony L. Armentrout, Jr.*, AMY S. CONN, *in her own right,* and STEVEN MAYO, | : : : : : : | **CIVIL NO. 1:05-CV-1002** (Judge Conner) (Magistrate Judge Smyser) |
| Plaintiffs | : : | |
| v. | : : | |
| AMIE S. GLADFELTER, TERI HOLLWAY, JAMES REBERT, CLARA ROBINSON AND JANETTE ALFORD, | : : : : : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

In this consolidated case combining two civil actions[1], a motion for summary judgment was filed by defendants Amie S. Gladfelter, Teri Hollway, James Rebert, Clara Robinson and Janette Alford on May 31, 2007. (Doc. 59). Exhibits supporting the motion were filed. (Doc. 60). A LR 56.1 statement of undisputed facts was filed. (Doc. 61). A supporting brief was filed. (Doc. 62).

---

[1] *Amy S. Conn, et al v. Millie M. Bull, et al,* 1:05-cv-1002 and *Amy S. Conn, et al v. Clara Robinson, et al*, 1:06-cv-1356.

A brief in opposition was filed by the plaintiffs. (Doc. 63). Documentary exhibits are attached to that brief. No LR 56.1 statement has been filed by the plaintiffs.

A reply brief was filed on June 28, 2007. (Doc. 65).

The complaint in 1:05-cv-1002 was brought by Amy S. Conn as the Administratix of the Estate of Tony L. Armentrout, Jr. ("the decedent") and in her own right and also by Steven Mayo. The defendants are Amie S. Gladfelter, Teri Hollway and James Rebert. Amy Conn is the mother of the decedent and Steven Mayo is the father of the decedent. In civil action 1:06-cv-1356, the same plaintiffs named Clara Robinson and Janette Alford as the defendants.

The complaints relate that the decedent, two years old, was in the custody of Millie M. Bull, a foster parent, at Bull's home in Shrewsbury, Pennsylvania as the result of a June 10, 2004 emergency placement petition. On July 14, 2004, the decedent drowned in a swimming pool on Bull's property. The claims against the defendants by the natural parents of the decedent and the estate are claims of negligence on the part of defendant Bull and of constitutional due process violations on

the part of defendants York County, York County Children and Youth Services, Amie S. Gladfelter, a York County Children and Youth Services employee, Teri Hollway, a York County Children and Youth Services employee, James Rebert, York County Children and Youth Services director, Clara Robinson, a foster care coordinator, and Janette Alford a foster care resource supervisor.  It is claimed that York County Children and Youth Services and its officers and employees did not adequately evaluate the foster home or the foster parent, and that the York County Children and Youth Services officers and supervisors did not adequately train or supervise York County Children and Youth Services staff members.  The failures alleged on the part of government agencies and employees are claimed to have violated the due process rights of the decedent.

By an order dated January 13, 2006, all claims against defendants York County, York County Children and Youth Services and Millie M. Bull were dismissed.  The remaining claims against the remaining five defendants are that they violated the decedent's due process rights by exposing him to danger in a manner that was deliberately indifferent to his safety.

3

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 249 (1986)).  A material factual dispute is a dispute as to a factual issue that will affect the outcome of the trial under governing law.  *Anderson*, *supra*, 477 U.S. at 248.  In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party.  *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322.  "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

The undisputed facts[2] are stated in the Statement of Undisputed Facts of Defendants Gladfelter, Hollway, Rebert, Robinson and Alford (Doc. 61, filed May 31, 2007), and these undisputed facts will not be restated herein, but are incorporated herein.

The elements of a constitutional due process cause of action against a state actor for harm or death caused by a private actor includes that a special relationship exists between the state and the private actor and that the conduct of the private actor is so ill-conceived or deliberately indifferent that it shocks the conscience. *Nicini v. Morra,* 212 F.3d 798 (3d Cir. 2000). The defendants argue here in part that they were not involved in such conduct and in part that there was no such conduct.

Defendants Gladfelter, Hollway and Rebert assert that they are entitled to summary judgment because the plaintiffs have presented or referred to evidence that any of these three defendants participated in any conduct that caused a deprivation of the constitutional rights of the decedent. They

---

[2] These are the undisputed facts by application of LR 56.1, in that no LR 56.1 statement was filed by the plaintiffs.

assert that the summary judgment evidence establishes that they (Gladfelter, Hollway and Rebert) did not participate in alleged unconstitutional activities.  As for defendant Gladfelter, whose capacity was to act as a caseworker for the decedent, she did not approve Millie Bull as a foster parent, did not have the responsibility to inspect Bull's home and did not have the responsibility to train Bull.  As for defendant Hollway, she was defendant Gladfelter's supervisor.  Because defendant Gladfelter did not have responsibility for selection, training or inspection of foster homes, defendant Hollway argues, Hollway can not be held responsible for failing to train defendant Gladfelter in that regard.  Training and supervision are not job duties within defendant Hollway's job description, she goes on to state.  Defendants Gladfelter and Hollway assert that it was the Resource Unit of York County Children and Youth Services that had the responsibility for assessing and inspecting foster homes, and that defendant Hollway was not assigned to the Resource Unit.  Defendant Rebert's claim of entitlement to summary judgment is based upon the contention that he cannot be responsible for training and supervising Hollway and Gladfelter with regard to responsibilities that they did not have.

7

Addressing the issue of the personal involvement of defendant Gladfelter, the plaintiffs emphasize that she was, as a caseworker, in the Bull home very often, that she was in the best position to notice danger, and that she was aware of a cluttered home and of the fact of a pool and of an open gate between the house and the pool.  She was aware that Ms. Bull was watching three foster children as well as her three grandchildren.  The plaintiffs assert that Ms. Bull was obviously overwhelmed.

It is undisputed that defendant Gladfelter as a York County Children and Youth Services caseworker was not responsible for the decision to place foster children, or for the inspection and training of foster parents.

In view of the summary judgment evidence and the undisputed facts, the plaintiffs do not show that there is an evidentiary basis for a reasonable inference to be drawn that a danger to the decedent was plainly apparent to defendant Gladfelter, or that defendant Gladfelter was deliberately indifferent to the safety of Tony L. Armentrout, Jr. as a function of a danger present or lurking in the Bull foster home.  There is not a basis for a reasonable inference that her

conduct was ill-conceived and that it shocked the conscience. The focus of defendant Gladfelter's concern was the child, not the foster home, and moreover even if there is evidence of careless housekeeping and of a potential hazard in the adjacent pool, nothing stands as evidence of ill-conceived or deliberately indifferent conduct on her part.  The plaintiffs' position that Ms. Bull's inattentiveness to housecleaning would in the absence of deliberate indifference on defendant Gladfelter's part for the child's safety have alerted Gladfelter that the child was in danger is not supported by the evidence.

The defendants' undisputed facts include that defendant Gladfelter has reported clutter in the Bull home, that Ms. Bull was notified that she was expected to address the clutter, that Ms. Bull did remedy the clutter following that notification, and that there is not any evidence that clutter in Ms. Bull's house contributed to Tony L. Armentrout, Jr.'s death.

The defendants rely also upon the fact that a pool had been at this residence for twenty years and that annual York County Children and Youth Services inspections were passed throughout this period.  The defendants note that there is not

evidence to support an inference that defendant Gladfelter knew that the gate to the pool was always open.  Also, defendant Gladfelter was aware of two doors between the home and the pool, one from the kitchen to the garage and one from the garage to the pool.

Defendant Gladfelter's evidentiary showing that she had no personal involvement, no duties relating to selecting or inspecting this home or relating to training, which showing is not rebutted by the plaintiffs, entitle her to summary judgment in her favor on the basis of a lack of personal involvement on her part in a violation of the decedent's rights.  Accordingly, it will be recommended that summary judgment be granted in favor of defendant Gladfelter.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995).  Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation.  *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).  To succeed on a 42 U.S.C. § 1983 action against state supervisory officials the plaintiff must establish that the

defendants actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims. *Egan v. Concini*, 585 F. Supp. 801, 804 (M.D. Pa. 1984).

Defendants Hollway and Rebert, as defendant Gladfelter's supervisors, are claimed to have failed to have properly trained and supervised defendant Gladfelter to ensure that Ms. Bull was capable of caring for children.  As already noted the plaintiffs do not, however, show it to have been within the job responsibilities of defendant Gladfelter to oversee, evaluate or act upon Ms. Bull's adequacy as a foster parent.  It has not been shown by the plaintiffs that there is evidence to support a reasonable inference that defendant Gladfelter was deliberately indifferent to Tony L. Armentrout, Jr.'s safety on the basis that she did not take action to cause there to be a review or re-evaluation of Millie Bull's fitness as a foster parent.  It has similarly not been shown that apparent clutter in the house, the presence of three grandchildren along with the foster children, the fact that one of the children is blind, or the existence of an open gate to a swimming pool, required a foster child's case worker to call for the re-evaluation of the foster parent.

The court does not have a basis attribute a foster home/parent oversight function upon defendants Gladfelter, Hollway or Rebert.  The court does not have a basis for a reasonable inference that in light of what was observed by these defendants that had such a basis to take action, that they did not take, that not do so was indifferent.

Summary judgment in favor of defendants Hollway and Rebert is warranted as well as in favor of defendant Gladfelter.

All defendants argue that they are entitled to summary judgment because the summary judgment undisputed facts would support a finding of no greater than a careless or negligent level of conduct on the defendants' part and would not support, for a reasonable jury, a finding of conscience shocking conduct adequate to support a constitutional due process violation finding.

Defendants argue that summary judgment in their favor should be granted because there is not evidence as to any defendant of such an egregious, ill-conceived, conscience shocking level of conduct as to amount to a deprivation by a

12

person acting under color of law of the decedent's right to due process of law.

The plaintiffs' case relies as a necessary component upon assertions about Millie Bull that she was not physically able to both care for her home adequately and be a foster parent.

Having closely considered the plaintiffs' arguments, we do not find evidence reasonably supporting an inference of indifference on the defendants' part.

The defendants characterize the plaintiffs' claims against the defendants as asserting no more indifferent a state of mind on their part than simple negligence.  It is plainly true that, no matter how devastating and regrettable this result - the death of a child - there was merely negligent conduct at most rather than deliberately indifferent or ill conceived, conscience shocking conduct.  One is shocked by a child's death.  But it is not inherently shocking that a public agency administering a foster home program would place children in homes where a foster parent fails to keep a neat and orderly home.  Negligence of itself is not a basis for holding a public

13

agency liable under the due process clause to an injured person; there must be ill-conceived, malicious or deliberately indifferent conduct. *Nicini, supra.*

The defendants' undisputed facts include that foster parent, Millie Bull, was trained, licensed, monitored and inspected. Her license was provisional because of some of the home environmental and safety factors.

Even putting aside those statements of undisputed facts of the defendants that are or that contain legal conclusions, the controlling and dispositive principle here is that, construing the undisputed facts of the defendants as the summary judgment facts upon which this summary judgment motion must be decided, there are not facts which, construed in the light most favorable to the plaintiffs, reasonably support an inference of ill-conceived, deliberately indifferent or conscience shocking conduct or inaction on the part of any defendant.

In sum, the undisputed facts do not provide a basis for a reasonable inference that any defendant was deliberately

indifferent to a danger to the safety of Tony L. Armentrout, Jr.

The plaintiffs' brief considers occasions where the defendants could have acted in a way that would have or could have prevented the death of Tony L. Armentrout, Jr.  It is of course apparent that Tony L. Armentrout, Jr.'s death could have been prevented by more careful conduct on the part of Millie Bull, defendants Gladfelter, Hollway, Rebert, Robinson, Alford and other persons.  But, there is not evidence that supports a reasonable inference that any defendant acted, or failed to act, with deliberate indifference to Tony L. Armentrout, Jr.'s safety, with malice to his safety or in any way that shocks the conscience.

It is recommended that the defendants' motion for summary judgment be granted and that the case be closed.


                                        ***/s/ J. Andrew Smyser***
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  June 29, 2007.