IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMY S. CONN, et al.,** : | **CIVIL ACTION NO. 1:05-CV-1002** |
| : | |
| Plaintiffs : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **ANNIE S. GLADFELTER, et al.,** : | |
| : | |
| Defendants : | |

# ORDER

AND NOW, this 23rd day of July, 2007, upon consideration of the report of the magistrate judge (Doc. 66), recommending the granting of defendants' motion for summary judgment (Doc. 59) on plaintiffs' claims pursuant to 42 U.S.C. § 1983, and of plaintiffs' objections thereto (Doc. 68), asserting that the evidence of record establishes that each defendant acted with deliberate indifference toward the safety of Tony L. Armentrout, Jr. ("Armentrout"), and, following an independent review of the record, the court finding that defendants' statement of material facts was properly deemed admitted by plaintiffs,[1] see L.R. 56.1 (providing that the moving party's statement of material facts will be deemed admitted unless the non-moving party specifically contradicts the statement), that defendant Amie S. Gladfelter ("Gladfelter") cannot be held liable for failing to inspect foster homes or to select, approve, or train foster parents when she had not been assigned such duties (see Doc. 61 at 2-4), and that Gladfelter's supervisors, defendants Teri Hollway and

---

[1] Plaintiffs base their arguments in part on facts that are not wholly consistent with the undisputed facts. (See, e.g., Doc. 69 at 1-6; Doc. 61.)

James Rebert, cannot be held liable for failing to train Gladfelter in such unassigned duties (Id. at 6-7),[2] and that there is insufficient evidence of record to support a reasonable inference that any defendant's conduct was so ill-conceived that it shocked the conscience,[3] Nicini v. Morra, 212 F.3d 798, 810-13 (3d Cir. 2000) (applying the deliberate indifference standard to define conscience-shocking conduct in "the foster care context"), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 66) is ADOPTED.

2. Defendants' motion for summary judgment (Doc. 59) is GRANTED.

3. The Clerk of Court is directed to enter JUDGMENT against plaintiffs and in favor of defendants Annie S. Gladfelter, Teri Hollway, James Rebert, Clara Robinson, and Janette Alford.

4. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] The court is persuaded by the reasoning in Miracle by Miracle v. Spooner, 978 F. Supp. 1161, 1170 (N.D. Ga. 1997) (stating that a claim pursuant to 42 U.S.C. § 1983 for failure to adequately screen foster parents could not be maintained against the caseworker or the caseworker's supervisors who were not involved in selecting, training, or investigating foster parents).

[3] Even accepting the facts as stated by plaintiffs, see supra note 1, the court finds no evidentiary basis from which a reasonable jury could infer that a danger to Armentrout was reasonably apparent to any defendant or that any defendant acted with deliberate indifference with respect to Armentrout's safety. (See Doc 61 at 4-8, 11-14, 15-16.) At most, the evidence of record suggests that the defendants *negligently* failed to address all possible hazards presented by placing Armentrout in a foster home with a pool. (See id. at 4-8, 15.)